UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LUCKY LUCKY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:26-CV-193 |
| | § | |
| MICHAEL J. PITTS, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## **ORDER**

Petitioner Lucky Lucky is currently detained by Immigration and Customs Enforcement at the Port Isabel Detention Center in Cameron County, Texas.  In this habeas action, Petitioner contests Respondents' ability to detain him without a bond hearing under 8 U.S.C. § 1225(b)(2)(A), alleging that such detention violates the Due Process Clause of the Fifth Amendment.  Petitioner alleges that this constitutional provision prohibits Respondents from detaining him under Section 1225(b)(2)(A) without an opportunity to seek bond.  He also alleges that Respondents' policy violates equal protection principles encompassed by the Fifth Amendment's Due Process Clause, as established in *Bolling v. Sharpe*, 347 U.S. 497 (1954).

For the following reasons, the Court finds that Petitioner fails to demonstrate that he is entitled to the relief he requests.

## I.   **Due Process Challenge[1]**

Petitioner contends that the Fifth Amendment's Due Process Clause prohibits "indefinite or prolonged civil detention" without an individualized determination for individuals such as himself, and that Respondents violate this principle by detaining him under Section 1225(b)(2)(A) without an opportunity to seek bond.  Other courts have considered arguments substantively

---

[1] To the extent that Petitioner alleges a statutory argument regarding the application of Section 1225(b)(2)(A), the Fifth Circuit has foreclosed such a claim. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

1 / 3

similar to those that Petitioner advances. *See, e.g.*, *Zuniga v. Lyons*, No. 1:25-CV-221-H, 2025 WL 3755126, at *8 (N.D. Tex. Dec. 29, 2025); *Guzman-Diaz v. Noem*, No. 3:25-CV-3008-X-BN, 2026 WL 309938, at *8 (N.D. Tex. Feb. 5, 2026); *Giron v. Noem*, No. 4:26-CV-00086, 2026 WL 252370, at *2 (S.D. Tex. Jan. 28, 2026); *see also Banyee v. Garland*, 115 F.4th 928, 930 (8th Cir. 2024). These decisions applied the Supreme Court's jurisprudence recognizing that for aliens seeking admission, due process is satisfied through the procedures and rights that Congress elects to enact through legislation. *See, e.g.*, *Demore v. Kim*, 538 U.S. 510, 523 (2003); *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 138 (2020); *Reno v. Flores*, 507 U.S. 292, 306 (1993).

The Court finds the reasoning of *Zuniga*, *Guzman-Diaz*, *Giron*, and *Banyee* to be persuasive.   Petitioner seeks to distinguish those cases, (*see* Statement, Doc. 4), but the Court finds the proposed distinctions unpersuasive.  For the reasons expressed in those decisions, the Court concludes that Petitioner's continued detention under Section 1225(b)(2)(A) without a bond hearing does not violate his due process rights under the Fifth Amendment.

Petitioner also alleges an as-applied challenge, emphasizing his particular circumstances, including his length of residence within the United States and his prior release from immigration detention under Section 1226(a).  But he presents no authority to support his claim that these circumstances present a viable as-applied due process challenge.   In addition, Section 1225(b)(2)(a) authorizes his continued detention, as *Buenrostro* recognized.

## II.     Equal Protection Claim

Petitioner also alleges that "Respondents treat Petitioner—who entered the United States without inspection a year ago—fundamentally differently from a noncitizen who entered lawfully but overstayed a visa for many years." (Pet., Doc. 1, 10)  He claims that this alleged distinction violates the equal protection principles within the Fifth Amendment.

"Fifth Amendment equal protection claims against federal actors are analyzed under the same standards as Fourteenth Amendment equal protection claims against state actors." *Butts v. Martin*, 877 F.3d 571, 590 (5th Cir. 2017).  The Fifth Circuit has applied rational basis review to analogous equal protection challenges in the immigration context. *See, e.g.*, *Cali v. Cravener*, 214 F.3d 639, 2000 WL 554958, at *1 (5th Cir. 2000) (per curiam) (unpubl.) ("The court has determined that there is a rational basis for treating excludable aliens more deferentially than deportable aliens and that the difference in treatment of different classes of aliens does not constitute an equal protection violation."); *Requena-Rodriguez v. Pasquarell*, 190 F.3d 299, 308 (5th Cir. 1999) ("Even assuming that aliens in deportation proceedings are 'similarly situated' to those in exclusion proceedings, there is a rational basis for the distinction.").  While those decisions did not consider the statutes at issue in the present case, they confirm that rational basis review applies, and that the United States can possess rational grounds to treat certain aliens different from others.  In *Buenrostro*, the Fifth Circuit recognized that Respondents' application of Section 1225(b)(2)(A) "better honors predominant goals in the enactment of the [governing statute]." *Buenrostro*, 166 F.4th at 508.  As a result, the Court finds that Respondents' policy does not violate equal protection principles encompassed by the Fifth Amendment.

## III.    Conclusion

For these reasons, the Court concludes that Petitioner is not entitled to relief.  Accordingly, it is:

**ORDERED** that Petitioner Lucky Lucky's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) is **DENIED**.

The Clerk of Court is directed to close this case.

Signed on May 22, 2026.

_Fernando Rodriguez, Jr._
Fernando Rodriguez, Jr.
United States District Judge

3 / 3